BOLLANGER & BODLEY *v*. THOMAS M. PIERCE.

**Evidence—Documentary Evidence.**

> It was held error to permit plaintiff to read to the jury a petition and account filed therewith in another case against defendant, and to reject the rest of the pleading.

APPEAL FROM GRAVES CIRCUIT COURT.

February 3, 1873.

OPINION BY JUDGE HARDIN:

The appellants, being contractors with the New Orleans & Ohio Railroad Company, to do the earth work, grading and clearing several sections of the road, in Kentucky and Tennessee, on the 14th of March, 1855, agreed with Pierce & Ramsey, as sub-contractors, to let them execute part of the work at specified prices, payable partly in money, and partly in bonds and stock in the road; the company assenting to the contract, by which the collection from the sale of stock in Tennessee was anticipated to pay Pierce & Ramsey the amount which would be due to them in money under the contract.

After the sub-contractors had partly performed their undertaking, the original contract was terminated, and the appellants sued the corporation for a large balance of the price of work done under the stipulations of their contract, including an account for work done by Pierce & Ramsey, according to estimates made by the engineer of the road. In the suit the claim for the work of Pierce & Ramsey, as well as a large portion of the residue of the plaintiff's demand, was contested, and the controversy being submitted to ar-

bitration, resulted in an award in favor of the plaintiffs for $4,763.91, which was greatly less than the sum claimed by them.

Subsequently, this action was brought by Pierce & Ramsey claiming under their contract a balance of more than $2,000, which was resisted by the defendants, on the ground, among others, that by the assent of the railroad company to the contract, it became liable to the plaintiffs for their work, instead of the defendants.

A trial of the cause resulted in a verdict and judgment for the plaintiffs (Pierce and Ramsey having died) for $1,844.14, and the defendants have appealed to this court.

It appears that on the trial the plaintiffs were permitted to read to the jury as evidence, the petition and account filed therewith, in said suit of the appellants against this railroad company, notwithstanding the objection of the defendants.

It also appears that after said petition and account had been read in evidence, the answer of the New Orleans & Ohio Railroad Company to said petition, and all the proceedings which were had in said case, were offered as evidence, which the court refused to permit, on the objection of the plaintiff.

Whether in those rulings, which were excepted to, the court erred to the prejudice of the appellants, is the principal question, which it will be necessary to determine on this appeal.

The object of reading the petition and account only as evidence, without the answer or the papers of the suit, is obvious. But if they were competent at all as admissions of facts which the plaintiff sought to establish in this case they were not conclusively so. (1 Greenleaf, Sec. 551; *Francis, etc., v. Hazelrigg's Ex'r*, 1 A. K. Marshall 93; *Roberts v. Tennell*, 3 T. B. Monroe 247).

And while the proceedings of that suit might have been read as evidence against the appellants, to prove the account and fix their liability to the plaintiff, the whole of the record which concerned that matter, and would have either conduced to establish or repel the conclusions sought by the plaintiff, should have been produced (*Francis v. Hazelrigg's Ex'r, supra*).

And it was erroneous and prejudicial to the appellants to permit the appellee to use as evidence against them the particular papers referred to, rejecting the rest of the pleadings, which might have counteracted their effect and produced a different result in the minds of the jury.

As this conclusion may lead to a different presentation of facts, on another trial, it is not deemed essential now to decide whether the court correctly instructed the jury or not. We would suggest, moreover, that from the somewhat complicated nature of the transactions that a correct adjustment of the rights of the parties may be more certainly attained by a transfer of the cause for preparation and trial in equity where the accounts of the parties can be stated by a commissioner.

Wherefore the judgment is reversed and the cause remanded for further proceedings.

Judge Williams not sitting.

*Boon & Anderson, for appellant.*

*Turner & Williams, for appellee.*